Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| AUDELIZ GONZÁLEZ RODRIGUEZ<br><br>Parte Recurrida<br><br>v.<br><br>ALBERTO GONZALEZ RODRIGUEZ, SU ESPOSA, AIDA LUZ SOTO HERRERA Y GONZALEZ-SOTO, LA SOCIEDAD LEGAL GANANCIALES COMPUESTA POR ELLOS<br><br>Parte Peticionaria | TA2026CE00456 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Quebradillas<br><br>Caso núm.: QU2019CV00165<br><br>Sobre: Acción de Deslinde |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de mayo de 2026.

El 13 de abril de 2026, el señor Alberto González Rodríguez, su cónyuge la señora Aida Luz Soto Herrera y la Sociedad Legal de Bienes Gananciales que ambos componen (la parte peticionaria) presentaron ante nos un recurso de *Certiorari* en el que solicitaron que revoquemos la *Orden* emitida el 10 de febrero de 2026, notificada el 12 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Quebradillas (TPI o foro primario).[1]

En el aludido dictamen, el foro primario resolvió que, procedía colocar una verja entre la propiedad de la parte peticionaria y la

---

[1] Entrada Núm. 257 del caso núm. QU2019CV00165 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

propiedad del señor Audeliz González Rodríguez (el señor González Rodríguez o el recurrido) de conformidad al deslinde realizado por un ingeniero-agrimensor.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El caso de epígrafe tiene su origen cuando el 14 de noviembre de 2019, el señor González Rodríguez instó una *Demanda* en la que alegó que, el 18 de mayo de 1995, adquirió un predio mediante una escritura pública ante Notario.[2] Adujo que, se mantuvo en posesión de forma pública, pacífica y como dueño legítimo del predio desde su adquisición. En esa línea, sostuvo que, la parte peticionaria era dueña del terreno que colinda por el lado sur, con su propiedad. No obstante, el recurrido decidió llevar a cabo un proceso de mensura con tal de procesar un expediente de dominio. Sin embargo, argumentó que, la parte peticionaria le indicó que, las colindancias de la finca no coinciden con la realidad, surgiendo una discrepancia con las colindancias. Consecuentemente, el señor González Rodríguez solicitó ante el TPI el deslinde de las fincas, para establecer verjas o setos.

En respuesta, el 15 de julio de 2020, la parte peticionaria radicó una *Contestación a demanda*, en la que negó, en su mayoría, las alegaciones contenidas en la *Demanda*, y refutó que el Centro de Recaudación de Ingresos Municipales (CRIM) ilustra las colindancias aproximadas de la propiedad.[3] Con ello, indicó que, su título de dueño era anterior al título del recurrido y, por tanto, había desigualdad en las medidas de las colindancias.

Tras varios incidentes procesales, el 25 de mayo de 2023, el TPI emitió una *Sentencia* en la que formuló cuarenta (40)

---

[2] Entrada Núm. 1 del caso núm. QU2019CV00165 en SUMAC.
[3] Entrada Núm. 18 del caso núm. QU2019CV00165 en SUMAC.

determinaciones de hechos relacionadas, en su mayoría, al tracto procesal del caso.[4] El foro primario resolvió que, de la prueba desfilada quedó evidenciado que existía confusión de linderos entre la parte peticionaria y el señor González Rodríguez y, por tanto, no hay una colindancia precisa. Ante ello, el TPI declaró Ha Lugar el deslinde y ordenó a las partes a elegir un agrimensor, el cual sería designado como un Comisionado Especial.

En lo pertinente, el 16 de enero de 2026, la parte peticionaria instó una *Moción para cumplir orden* en la que arguyó que, el recurrido le informó al TPI que las partes cumplieron con la *Orden* del *foro a quo* puesto que un agrimensor fijó los puntos de la colindancia entre ambas propiedades.[5] Así, el señor González Rodríguez le notificó su deseo de construir una verja permanente. Sostuvo que, el foro primario le concedió un término para que la parte peticionaria expusiera su posición. No obstante, admitió que, de forma tardía radicó la referida moción en la que indicó que, no procedía la construcción de la verja permanente debido a que los predios no fueron mensurados y el informe del Comisionado Especial no esboza las correspondientes colindancias y linderos. Por otro lado, impugnó varias determinaciones de hechos de la *Demanda* y la *Sentencia* emitida el 25 de mayo de 2023 por el TPI. Por tanto, solicitó que el foro primario declarase sin lugar la ejecución de sentencia.

En respuesta, el 27 de enero de 2026, el señor González Rodríguez radicó una *Oposición a "Moción para cumplir orden"* en la que ripostó que, la mencionada moción no debe ser considerada por el *foro a quo* toda vez que, fue presentada de forma tardía ante el TPI.[6] Asimismo, aseveró que, la parte peticionaria intenta iniciar nuevamente el pleito puesto que estaba impugnando los

---

[4] Entrada Núm. 140 del caso núm. QU2019CV00165 en SUMAC.
[5] Entrada Núm. 254 del caso núm. QU2019CV00165 en SUMAC.
[6] Entrada Núm. 255 del caso núm. QU2019CV00165 en SUMAC.

procedimientos relacionados a la mensura, los cuales fueron debidamente evaluados por el foro primario durante el juicio. Así pues, en la etapa de ejecución de una sentencia, los reclamos y solicitudes de la parte peticionaria son improcedentes. Por ende, solicitó que, el TPI ordenara la continuación de la ejecución de sentencia.

Evaluada ambas posturas, el 10 de febrero de 2026, notificada el 12 de febrero de 2026, el foro primario emitió una *Orden* en la que determinó que, un Comisionado Especial colocó los puntos de colindancia tras verdaderamente haber controversia con respecto a los mencionados puntos de colindancia.[7] Ello, luego de que el *foro a quo* resolviera que había controversia con relación a los puntos de colindancia. Al respecto, el TPI resolvió que, al amparo de la Regla 51.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.3, procedía colocar una verja permanente entre ambas propiedades, de acuerdo con los puntos de colindancia fijados por un agrimensor. Además, dictaminó varias órdenes con respecto a la construcción de la verja.

Insatisfecha, el 25 de febrero de 2026, la parte peticionaria instó una *Moción de reconsideración* en la que afirmó que, la ubicación de linderos fue establecida con prueba que no fue admitida por el TPI.[8] Particularmente, argumentó que, no se podía dar como hecho cierto que el terreno del recurrido llega hasta el talud, sin prueba pericial que lo establezca. A esos fines, alegó que, existía controversia en cuanto a la fijación de puntos en la colindancia.

El 4 de marzo de 2026, el señor González Rodríguez instó una *Oposición a "Moción de reconsideración"* en la que afirmó que los puntos de colindancia fueron fijados conforme a la evidencia desfilada durante el juicio.[9] Además, adujo que, la cuerda y media

---

[7] Entrada Núm. 257 del caso núm. QU2019CV00165 en SUMAC.
[8] Entrada Núm. 259 del caso núm. QU2019CV00165 en SUMAC.
[9] Entrada Núm. 260 del caso núm. QU2019CV00165 en SUMAC.

adicional de terreno adicional alegada por la parte peticionaria, no surgía de las escrituras del terreno en controversia. Asimismo, los puntos de colindancia fueron fijados a tenor con lo resuelto y ordenado por el *foro a quo*. Consecuentemente, era improcedente el reclamo de la parte peticionaria y debía ser declarada Sin Lugar la *Moción de reconsideración.*

El 11 de marzo de 2026, notificada el 12 de marzo de 2026, el foro primario emitió una *Resolución sobre Reconsideración de Orden* en la que declaró No Ha Lugar y ordenó que cumpliera con la *Orden* emitida el 12 de febrero de 2026 por el TPI.[10]

Inconforme, el 13 de abril de 2026, la parte peticionaria instó ante nos un recurso de *Certiorari* en el que formuló el siguiente error:

> Erró el Tribunal de Primera Instancia al ordenar la construcción de la verja por los puntos fijados por su perito cuando el informe del comisionado no establecía parámetros claros para su ubicación y sin tomar en consideración el punto de referencia como colindancia entre ambos predios, en este caso un talud.

En cumplimiento con nuestra *Resolución*, el 23 de abril de 2026, el recurrido radicó una *Moción de desestimación (al amparo de la Regla 83 (B) del Reglamento del Tribunal de Apelaciones).*

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos.

## II.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337

---

[10] Entrada Núm. 261 del caso núm. QU2019CV00165 en SUMAC.

(2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97. Ahora bien, este Tribunal de Apelaciones

puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 195.

No obstante, en *IG Builders et al v. BBVAPR*, *supra*, pág. 339, el Tribunal Supremo resolvió que,

> La Regla 40, *supra*, adquiere mayor relevancia en situaciones como la presente en que, de ordinario, no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. **Las resoluciones atinentes a asuntos postsentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari.** De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales.

(Énfasis nuestro).

### III.

En el caso de autos, la parte peticionaria argumentó que, el TPI erró en ordenar la construcción de la verja cuando el Comisionado especial no había "establecido fijado" los puntos de las colindancias.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa.

## IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Marchand concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones